UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YULIA TYMOSHENKO, and JOHN DOE 1 through 10, on behalf of themselves and those similarly situated,<br><br>       Plaintiffs,<br>-vs-<br><br>DMYTRO FIRTASH, ROSUKRENERGO AG ("RUE") and JOHN DOES 1 through 100, et al.,<br><br>       Defendants | Docket No. 11-civ-2794-RJS<br><br>**(PROPOSED) ANSWER TO COMPLAINT** |
| UNIVERSAL TRADING & INVESTMENT CO., INC.<br><br>       Plaintiff and Judgment Creditor<br>-vs-<br><br>YULIA TYMOSHENKO<br><br>       Defendant | |

NOW COMES Intervenor and Plaintiff in Counterclaim Universal Trading & Investment Co., Inc. ("UTICo") a judgment creditor and answers, by and through its attorneys, as follows:

## PARTIES

**Plaintiffs**

1. Paragraph 1 contains rhetorical allegations that do not require an answer.

2. Paragraph 2 contains rhetorical allegations that do not require an answer.

**Defendants**

3. Paragraph 3 contains rhetorical allegations that do not require an answer.

4. Paragraph 4 contains rhetorical allegations that do not require an answer.

1

5.Paragraph 5 contains rhetorical allegations that do not require an answer

## JURISDICTION

6.UTICo admits that this Court has jurisdiction over the subject matter pursuant to the Alien Tort Statute, 28 U.S.C. Section 1350 and the Torture Victims Protection Act and denies the remainder of the allegations in Paragraph 6.

7.UTICo admits that this Court has jurisdiction over the subject matter pursuant to the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. Section 1961 et seq., with the objection that the title of the title of the RICO Chapter is written incorrectly, and denies the remainder of the allegations of Paragraph 7.

8.UTICo admits that this Court has jurisdiction over the subject matter with regard to the members of the Plaintiff class who may be United States citizens, pursuant to the Torture Victims Protection Act, and pursuant to 28 U.S.C. Section 1331, and denies the remainder of the allegations of Paragraph 8.

## FACTUAL BACKGROUND

9.Allegations in Paragraph 9 are admitted to the extent that RUE bought gas from Russia and Turkmenistan and Gasprom delivered gas to the Ukrainian border; UTICo denies the remainder of the allegations therein.

10.Allegations in Paragraph 10 are denied.

11.Allegations in Paragraph 11 are denied, except for the fact of the cited agreement, which document speaks for itself.

12.UTICo has insufficient information to admit or deny the allegations stated in Paragraph 12.

2

13. UTICo has insufficient information to admit or deny the allegations stated in Paragraph 13

14. Except for the existence of the January 19, 2009, which document speaks for itself, UTICo denies the remainder of the allegations.

15. UTICo has insufficient information to admit or deny the allegations stated in Paragraph 15.

16. Allegations in Paragraph 16 are admitted to the extent that the arbitration claim was filed with the Arbitration Institute of the Stockholm Chamber of Commerce, the remainder of the allegations therein are denied.

17. Allegations in Paragraph 17 are admitted to the extent that Viktor Yanukovich was elected the president of Ukraine in January and February of 2010; the remainder of the allegations are denied.

18. UTICo has insufficient information to admit or deny the allegations stated in Paragraph 18.

19. Allegations in Paragraph 19 are admitted to the extent that the top management of State-owned Neftegaz was replaced after the presidential election in February of 2010; the remainder of the allegations therein are denied.

20. Allegations in Paragraph 20 are admitted to the extent that the top management of State-owned Neftegaz was replaced after the presidential election in February of 2010; the remainder of the allegations therein are denied.

21. Allegations in Paragraph 21 are admitted to the extent that the new Prime Minister and Cabinet were voted into office by the Ukrainian parliament in March of 2010; the

remainder of the allegations therein are denied, with the notation that the November 2010 written opinion of the Supreme Court of Ukraine speaks for itself.

22. Allegations in Paragraph 22 are denied.

23. Allegations in Paragraph 23 are denied, with the notation that the decision of the Stockholm Arbitration Tribunal speaks for itself.

24. Allegations in Paragraph 24 are denied, with the notation that the decision of the Stockholm Arbitration Tribunal speaks for itself.

25. Allegations in Paragraph 25 are denied, with the notation that the decisions of the Stockholm Arbitration Tribunal and the November 24, 2010 opinion of the Supreme Court of Ukraine are the documents that speak for themselves.

26. Allegations in Paragraph 26 are denied.

27. UTICo has insufficient information to admit or deny the allegations stated in Paragraph 27.

28. Allegations in Paragraph 28 are denied with the notation that the Ukrainian parliament's acts, ambiguously referred to as the "Judicial Reform", are the documents that speak for themselves.

29. Allegations in Paragraph 29 are denied with the notation that the acts of the Ukrainian parliament summarized herein speak for themselves.

30. Allegations in Paragraph 30 are admitted to the extent that certain charges were brought against the younger daughter and son-in-law of the Chairman of the Supreme Court Vasyl Onopenko; the remainder of the allegations are denied.

31. Allegations of Paragraph 31 are denied with the notation that the charges against Mr. Korniychuk are contained in the document that speaks for itself.

32. Allegations of Paragraph 32 are denied with the notation that the charges against Mr. Onopenko's younger daughter are contained in the document that speaks for itself.

33. Allegations of Paragraph 33 are denied with the notation that the respective act of the Ukrainian parliament is the document that speaks for itself.

34. Allegations in Paragraph 34 are denied, with the notation that the decision of the Stockholm Arbitration Tribunal is a document that speaks for itself.

35. Allegations in Paragraph 35 are denied, with the notation that the decision of the Stockholm Arbitration Tribunal is a document that speaks for itself.

36. Allegations in Paragraph 36 are denied, with the notation that the decision of the Stockholm Arbitration Tribunal is a document that speaks for itself.

37. Allegations in Paragraph 37 are denied.

38. Allegations in Paragraph 38 are denied, with the exception of the fact that the administration of president Viktor Yanukovich was sworn into office in February of 2010.

39. Allegations in Paragraph 39 are denied.

40. Allegations in Paragraph 40 are denied.

41. Plaintiff has insufficient information to admit or deny the allegations stated in Paragraph 41.

42. Plaintiff has insufficient information to admit or deny the allegations stated in Paragraph 42.

43. Plaintiff has insufficient information to admit or deny the allegations stated in Paragraph 43.

44. Allegations in Paragraph 44 are denied.

45. Allegations in Paragraph 45 are denied, with the notation that the charges against Mr. Yuriy Lutsenko are the document which speaks for itself.

46. Allegations in Paragraph 46 are denied, with the notation that the charges against Mr. Anatoly Makarenko are the document which speaks for itself.

47. Allegations in Paragraph 47 are denied, with the notation that the charges against Mr. Ihor Didenko are the document which speaks for itself.

48. Allegations in Paragraph 48 are denied, with the notation that the charges against Mr. Taras Shepitko are the document which speaks for itself.

49. Allegations in Paragraph 49 are denied, with the notation that the charges against Ms. Tetyana Slyuz are the document which speaks for itself.

50. Allegations in Paragraph 50 are denied, with the notation that the charges against Mr. Boghdan Danylyshin are the document which speaks for itself.

51. Allegations in Paragraph 51 are denied, with the notation that the charges against Mr. Valery Ivaschenko are the document which speaks for itself.

52. Allegations in Paragraph 52 are denied.

## CLASS ACTION ALLEGATIONS

53. Allegations in Paragraph 53 are denied to the extent that those do not rise to the requirements of a class action, that individual DOEs identified in the Complaint should be named as individual co-plaintiffs.

54. Allegations in Paragraph 54 are denied to the extent that those do not rise to the requirements of a class action, that individual DOEs identified in the Complaint should be named as individual co-plaintiffs.

55. UTICo has insufficient information to admit or deny the allegations stated in Paragraph 55.

56. Allegations in Paragraph 56 are denied to the extent that those do not rise to the requirements of a class action, that individual DOEs identified in the Complaint should be named as individual co-plaintiffs.

57. Allegations in Paragraph 57 are denied to the extent that those do not rise to the requirements of a class action, that individual DOEs identified in the Complaint should be named as individual co-plaintiffs.

58. Allegations in Paragraph 58 are denied to the extent that those do not rise to the requirements of a class action, that individual DOEs identified in the Complaint should be named as individual co-plaintiffs.

59. Allegations in Paragraph 59 are denied to the extent that those do not rise to the requirements of a class action, that individual DOEs identified in the Complaint should be named as individual co-plaintiffs.

60. Allegations in Paragraph 60 are denied to the extent that those do not rise to the requirements of a class action, that individual DOEs identified in the Complaint should be named as individual co-plaintiffs.

**COUNT I.**

61. Paragraph 61 contains rhetorical allegations that do not require an answer.

62. Allegations in Paragraph 62 are admitted, with the objections that the Alien Torts Statute, Section 1350 is part of Title 28 of the U.S. Code and not Title 18, as pled, and that the Torture Victims Protection Act is not a part of the statutory text of 28 U.S.C. Section 1350.

63. Allegations in Paragraph 63 are admitted.

64. Allegations in Paragraph 64 are admitted.

65. Allegations in Paragraph 65 are admitted.

66. Allegations in Paragraph 66 are denied.

67. Allegations in Paragraph 67 are denied.

68. Allegations in Paragraph 68 are denied.

69. Allegations in Paragraph 69 are denied.

## COUNT II.

70. Paragraph 70 contains rhetorical allegations that do not require an answer.

71. Allegations in Paragraph 71 are denied.

72. Allegations in Paragraph 72 are denied.

73. Allegations in Paragraph 73 are denied.

## COUNT III.

74. Paragraph 74 contains rhetorical allegations that do not require an answer.

75. Allegations of Paragraph 75 are denied.

76. Paragraph 76 contains rhetorical allegations that do not require an answer.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are precluded by res judicata established by the decision and award of the Stockholm Arbitration Tribunal and by the November 24, 2010 decision of the Supreme Court of Ukraine.

//

//

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are precluded by collateral estoppel arising from the decision and award of the Stockholm Arbitration Tribunal and by the November 24, 2010 decision of the Supreme Court of Ukraine.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are precluded by issue preclusion arising from the Stockholm Arbitration Tribunal's decision and by the November 24, 2010 decision of the Supreme Court of Ukraine.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to state a claim upon which relief could be granted.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their committing fraud.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their illegal conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the doctrine of unclean hands.

Respectfully submitted,

Dated: July 11, 2011

/s/_____
Peter A. Joseph, Esq.
Bar PJ-9723
177 Waverly Place # 5F
New York, NY, 10014-3552
Tel. (212) 924 1498

_____
George Lambert, Esq.
D.C. bar #979327, subject to application
for pro hac vice admission
Law Offices of Leonard Suchanek
1025 Connecticut Ave., #1000 NW
Washington, D.C., 20036
Tel. (202) 640 1897, Fax (202) 747 7797

Attorneys for Intervenor,
Judgment Creditor and Plaintiff in Counterclaim
Universal Trading & Investment Co., Inc.