

Richard A. Hibey
Member
(202) 626-5888
rhibey@milchev.com

March 5, 2014

**VIA ECF**

The Honorable Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:  *Tymoshenko v. Firtash et al.*, Civil Action No. 11-02794 (KMW)

Dear Judge Wood:

      I write in response to the March 3, 2014 letter filed by Plaintiffs' counsel seeking 90 days "to provide the Court with further support for [Plaintiffs'] opposition to the pending motion to dismiss and/or plaintiffs' application to further amend their pleadings." Dkt. No. 101 at 1. Counsel made the request without ascertaining the defense's position or advising that the filing was forthcoming. As we were preparing our letter opposing the request, the Court granted it. I hereby ask the Court to reconsider its decision and either deny the Plaintiffs' request in total or, at least, limit the time granted Plaintiffs to 30 days.

      This case has been pending for almost three years. Plaintiff Yulia Tymoshenko filed her initial complaint in April 2011, Dkt. No. 1, she amended it once in December 2011, Dkt. No. 23, and she amended it yet again in November 2013. Dkt. No. 87. Each iteration of the complaint, however, contained the same fundamental, fatal flaws: the allegations — about Ukrainian-based misconduct concerning Ukrainian officials — not only lacked the factual detail necessary to satisfy *Iqbal* and *Twombly*, but they also highlighted the improper extraterritorial nature of the purported "RICO" scheme. And to the extent that the allegations did not point to an extraterritorial scheme, they failed to state a domestic RICO claim either (or any other claim). *See, e.g.*, Dkt. No. 89; Dkt. No. 98.

      Indeed, the Court dismissed the complaint once, Dkt. No. 78, making clear why this case has no place in the United States federal courts. The Plaintiffs' Second Amended Complaint added nothing of legal consequence and simply downplayed the extraterritorial nature of the alleged RICO scheme. Defendants Paul Manafort, Brad Zackson, CMZ Ventures, LLC, The Dynamic Group, and Barbara Ann Holdings LLC (the "Moving Defendants") have, accordingly, again moved to dismiss the complaint. That motion has been fully briefed since January 30, 2014.



March 5, 2014
Page 2

Now Plaintiffs seek to delay the Court's resolution of that motion for at least another 90 days, because "certain documents have come to light that, upon information and belief, will provide plaintiffs with significant additional evidentiary support with regard to the legal issues raised in the pending motion to dismiss." Dkt. No. 101 at 1.  Counsel's letter is purposefully vague about what these "certain documents" might contain or how they might relate to any of Ms. Tymoshenko's claims not already barred by this Court's prior order of dismissal.  Notably, the relief sought in counsel's letter is based "upon information and belief"; counsel does not claim to have even seen the documents, and if he has, the Moving Defendants demand production of the documents relied on to write the March 3, 2014 letter motion.

The fact that Plaintiffs' counsel uses the discovery of documents in a Ukrainian river as the excuse for another delay further demonstrates that this case continues to be about Ms. Tymoshenko's feud with certain Ukrainian political figures and has nothing to do with failed real estate deals or purportedly misleading terms of employment in New York.  The three-year duration of this frivolous lawsuit has already imposed an unreasonable burden on the Moving Defendants.  Plaintiffs' mere hope that they will find what they need from these documents is not a reason for this Court to delay its disposition of the pending motion to dismiss.  The Court should therefore deny Plaintiffs' request, proceed to rule on the Moving Defendants' motion, and dismiss this case with prejudice.  In the alternative, the Court should limit the time granted Plaintiffs to 30 days.

Sincerely,

/s/ *Richard A. Hibey*

Richard A. Hibey

cc:  Counsel of Record, via ECF